IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-14-318 (M) |
| | ) | |
| DOUGLAS WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATEMENT OF DISCOVERY CONFERENCE

This joint statement is submitted pursuant to LCrR16.1(b).

1. Date Conference Held: December 2, 2014, within fourteen (14) days of the appearance before Magistrate Judge Shon T. Erwin where a plea of not guilty was entered.

2. Names of the attorneys who attended the conference:

   Government Attorneys:
   Brian K. Kidd, Trial Attorney
   Mark Angher, Trial Attorney

   Defense Attorney:
   Stephen H. Buzin, retained

**Counsel met for purposes of exchanging discovery materials in accordance with the Federal Rules of Criminal Procedure as supplemented by the Local Criminal Court Rules and any orders of this Court and, as a result of the conference, the undersigned counsel report the following:**

3. The specific time, date and place at which the offense(s) charged is/are alleged to have been committed:

   As alleged in the indictment.

4. (a)(1)    Any contested issues of discovery and inspection raised by counsel for plaintiff:

None at this time.

(2) Any contested issues of discovery and inspection raised by counsel for defendant:

None at this time.

(b) Any additional discovery or inspection desired by either party:

Both parties request all discovery contemplated by Rule 16 and the local criminal rules.

5. The fact of disclosure of all materials favorable to the defendant or the absence thereof within the meaning of *Brady v. Maryland* and related cases:

Will disclose as discovered.

Counsel for plaintiff expressly acknowledges continuing responsibility to disclose any material favorable to defendant within the meaning of *Brady* that becomes known to the government during the course of these proceedings.

6. The fact of disclosure of the existence or nonexistence of any evidence obtained through electronic surveillance or wiretap:

Yes, to include: recorded calls between undercover federal agents and the defendant; emails between undercover federal agents and the defendant.

7. The fact of disclosure of the contemplated use of the testimony of an informer. (Include only the fact an informer exists and not the name or testimony thereof):

None.

8. The fact of disclosure of the general nature of any evidence of other crimes, wrongs, or acts the government intends to introduce at trial pursuant to Fed. R. Evid. 404(b):

Yes, to include: defendant's dealings with prior clients.

9. The fact of disclosure of the prior felony convictions of any witness the government intends to call in its case-in-chief:

None.

10. The resolution, if any, of foundational objections to documentary evidence to be used by both parties (except for the purpose of impeachment):

      Reserved.

11.      The resolution, if any, of chain-of-custody matters (where at issue):

      Reserved.

12.      The resolution, if any, of the admissibility of any reports containing scientific analysis without requiring the expert's attendance at trial:

      Reserved.

13.      The parties will provide each other with the opportunity to inspect any demonstrative evidence, representational exhibits or charts.

      Counsel for both parties state that presently there are no additional matters of discovery presently known.

      Counsel expressly acknowledge the obligation to produce these items(s) as soon as practicable, but in no event later than fourteen (14) days prior to the trial of this cause. Counsel also expressly acknowledges continuing obligation to disclose any materials that become known to counsel during the course of the pretrial investigation of this cause.

14.      Notice of Alibi:

      None.

15.      Notice of Insanity Defense or Expert Testimony of Defendant's Mental Condition:

      None at this time.

16.      Notice of Defense Based on Public Authority:

      None.

At the conclusion of this conference, counsel conferred concerning the contents of this joint statement.

        Respectfully submitted,

        JACK SMITH
        Chief, Public Integrity Section

        /s/ Mark Angehr
        Mark Angehr
        Brian K. Kidd
        Trial Attorneys
        U.S. Department of Justice
        Criminal Division
        Public Integrity Section
        1400 New York Ave., NW
        Washington, DC 20005


        /s/ Stephen H. Buzin
        Counsel for Defendant
        Bar Number: 1395
        P.O. Box 609
        Chickasha, OK 73018
        405.222.5552 (office)
        405.222.5556 (fax)

        (Signed copy of document bearing signature
        of defense counsel is being maintained in
        the office of plaintiff's attorney)