# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | )   No. 5:14-cr-00318-M |
| | ) |
| **DOUGLAS G. WILLIAMS,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION FOR A PROTECTIVE ORDER

The United States moves this Court, pursuant to Federal Rule of Criminal Procedure 16(d), to enter the attached protective order governing discovery in this matter.

The government plans to produce or otherwise make available to defense counsel a large amount of material, much of which contains sensitive information, including but not limited to, personal identifiers, addresses, telephone numbers, credit card numbers, and social security numbers, as well as other information compiled in background investigations for employment. If this information were to be publicly disclosed, such disclosure could impair the privacy rights of third parties, impede the ongoing investigation, and potentially place individuals and their family members in danger.

Accordingly, and in lieu of redacting personal and other sensitive information from the discovery materials, the government respectfully requests that a protective order be entered as to all discovery materials provided in this matter. Such materials will be handled pursuant to the procedures outlined in the proposed Order submitted contemporaneously to the Court, and those materials may only be disclosed or disseminated in accordance with the proposed Order, unless and until that Order is modified by the Court.

**RESPECTFULLY SUBMITTED.**

In Oklahoma City, Oklahoma, this 8th day of December, 2014.

        JACK SMITH
        Chief, Public Integrity Section

        /s/ Mark Angehr
        Mark Angehr
        Brian K. Kidd
        Trial Attorneys
        U.S. Department of Justice
        Criminal Division, Public Integrity Section
        1400 New York Ave., NW
        Washington, DC 20005

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this date, I electronically filed the foregoing United States' Motion for a Protective Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

                                      /s/ Brian K. Kidd
                                      Brian K. Kidd
                                      Trial Attorney

**CERTIFICATE OF CONFERENCE**

     I hereby certify that the undersigned contacted Stephen Buzin, Attorney for Defendant, regarding the above motion and at the time of this filing, he has not indicated his position on this motion.

                                      /s/ Brian K. Kidd
                                      Brian K. Kidd
                                      Trial Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 5:14-cr-00318 |
| | ) | |
| DOUGLAS G. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect law enforcement, privacy, and information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), ORDERED:

1. Any and all discovery materials the government produces to defendant shall be reviewed by only (i) him, (ii) his attorney(s) of record, (iii) employees of those attorneys, (iv) a photocopying or data processing service to whom it is necessary that defendants show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses, and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter. Defendant shall not disclose the contents of any discovery material to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.

2. Defendant shall use discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter and for no other

purpose whatsoever. No additional copies of the discovery materials shall be made except as necessary for those purposes. Defendant shall not disseminate the discovery materials, in whole or in part, to any third party, including via book, interview, broadcast, or Internet-based forum. Before first disclosing discovery material or its contents to any of the individuals or entities listed above, defendant or his attorney(s) of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals and collateral attacks in this matter (if any) are concluded. Nothing in this Order prohibits defense counsel from interviewing witnesses who may be identified in the discovery material without advising the witness of the contents of this Order, provided discovery material is not provided to the witness.

3. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identification information, including Federal Rule of Criminal Procedure 49.1; the Privacy Act of 1974, 5 U.S.C. § 552a; 42 U.S.C. § 1306; or other privacy protections. The parties shall not file personal identification information with, or submit such information to the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

4. The parties shall also comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing of any discovery material or transcripts containing personally identifiable or sensitive information, including but not limited to: (i) social security numbers, (ii) names of minor children, (iii) dates of birth, and (iv) financial account numbers. The parties shall also apply the requirements of Federal Rule of Criminal Procedure 49.1 when showing any

discovery material containing personally identifiable or sensitive information to any third-party witnesses or potential witnesses.

5. The parties agree that the defendant shall be responsible for controlling all discovery material produced by the United States in this case. The defendant shall be responsible for assuring his own full compliance with this Order as well as the full compliance of any individual or entity preparing and assisting in his defense.

6. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

7. Within 90 days from the conclusion of these proceedings (if any) and direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the government and any duplicates made in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter shall be returned to the government or destroyed by each defendant, unless the Court gives specific permission for an exception to this requirement.

8. This Order also applies to any and all individuals or entities to whom defendant (to include any and all of their attorneys and agents), pursuant to this Order, show or disclose contents or substance of any material produced by the government.

SO ORDERED this _____ day of December, 2014, in Oklahoma City, Oklahoma.

_____
HON. VICKI MILES-LaGRANGE
Chief United States District Judge