IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-14-318-M |
| | ) | |
| DOUGLAS G. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff's Motion for a Protective Order, filed December 8, 2014. Upon review of plaintiff's motion, and for good cause shown, the Court GRANTS plaintiff's Motion for a Protective Order [docket no. 11] to expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect law enforcement, privacy, and information entitled to be kept confidential, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d) and ORDERS the following:

1. Any and all discovery materials the government produces to defendant shall be reviewed by only (i) him, (ii) his attorney(s) of record, (iii) employees of those attorneys, (iv) a photocopying or data processing service to whom it is necessary that defendants show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses, and (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter. Defendant shall not disclose the contents of any discovery material to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.

2.    Defendant shall use discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter and for no other purpose whatsoever.  No additional copies of the discovery materials shall be made except as necessary for those purposes.  Defendant shall not disseminate the discovery materials, in whole or in part, to any third party, including via book, interview, broadcast, or Internet-based forum.  Before first disclosing discovery material or its contents to any of the individuals or entities listed above, defendant or his attorney(s) of record must give to the individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals and collateral attacks in this matter (if any) are concluded.  Nothing in this Order prohibits defense counsel from interviewing witnesses who may be identified in the discovery material without advising the witness of the contents of this Order, provided discovery material is not provided to the witness.

3.    The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identification information, including Federal Rule of Criminal Procedure 49.1; the Privacy Act of 1974, 5 U.S.C. § 552a; 42 U.S.C. § 1306; or other privacy protections.  The parties shall not file personal identification information with, or submit such information to the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

4.    The parties shall also comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing of any discovery material or transcripts containing personally identifiable or sensitive information, including but not limited to: (i) social security numbers, (ii) names of minor children, (iii) dates of birth, and (iv) financial account numbers.  The parties

shall also apply the requirements of Federal Rule of Criminal Procedure 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third-party witnesses or potential witnesses.

5. The parties agree that the defendant shall be responsible for controlling all discovery material produced by the United States in this case. The defendant shall be responsible for assuring his own full compliance with this Order as well as the full compliance of any individual or entity preparing and assisting in his defense.

6. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

7. Within 90 days from the conclusion of these proceedings (if any) and direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the government and any duplicates made in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter shall be returned to the government or destroyed by each defendant, unless the Court gives specific permission for an exception to this requirement.

8. This Order also applies to any and all individuals or entities to whom defendant (to include any and all of their attorneys and agents), pursuant to this Order, show or disclose contents or substance of any material produced by the government.

**IT IS ORDERED this 19th day of December, 2014.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE