**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. 5:14-cr-00318** |
| | ) | |
| **DOUGLAS G. WILLIAMS,** | ) | **HON. VICKI MILES-LaGRANGE** |
| | ) | |
| **Defendant.** | ) | |

## MOTION SUBMITTING PROPOSED JURY INSTRUCTIONS

**COMES NOW**, the United States of America, by and through the undersigned attorneys, and respectfully requests that the following jury instructions, where not inconsistent with the evidence presented at trial, be given to the jury.

In Oklahoma City, Oklahoma, this 4th day of May, 2015.

RAYMOND HULSER
Acting Chief, Public Integrity Section

/s/ Brian K. Kidd
Brian K. Kidd
Heidi Boutros Gesch
Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave., NW
Washington, DC 20005

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing United States' Motion Submitting Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.


/s/ Brian K. Kidd
Brian K. Kidd
Trial Attorney

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. 5:14-cr-00318** |
| | ) | |
| **DOUGLAS G. WILLIAMS,** | ) | **HON. VICKI MILES-LaGRANGE** |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Raymond Hulser
Acting Chief, Public Integrity Section

/s/ Brian K. Kidd
Brian K. Kidd
Heidi Boutros Gesch
Trial Attorneys
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave., NW
Washington, DC 20005

## INSTRUCTIONS INDEX

**TITLE OF INSTRUCTION**                                    **INSTRUCTION NO.**

Introduction ...................................................................................................................1

Duty to Follow Instructions ..........................................................................................2

Presumption of Innocence – Burden of Proof – Reasonable Doubt ...............................3

Mail Fraud – Counts One and Two ................................................................................4

Scheme to Defraud ........................................................................................................5

Intent to Defraud ...........................................................................................................6

Use of the Mails ............................................................................................................7

Materiality of False Statement ......................................................................................8

No Proof Necessary of Victim's Loss ...........................................................................9

Witness Tampering – Counts Three and Five ..............................................................10

Official Proceeding ......................................................................................................11

Witness Tampering – Count Four.................................................................................12

Evidence – Defined .....................................................................................................13

Evidence – Direct and Circumstantial .........................................................................14

Proof of Intent .............................................................................................................15

Credibility of Witnesses ..............................................................................................16

Consider Only Crimes Charged ...................................................................................17

Caution – Punishment ..................................................................................................18

On or About .................................................................................................................19

Transcript of Recorded Conversation ..........................................................................20

Attempt ........................................................................................................................21

No Obligation to Use Certain Techniques ....................................................................22

Government's Use of Undercover Operation and Investigative Techniques .............................23

## PROPOSED INSTRUCTION NO. 1
### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Criminal Pattern Jury Instructions 1.03 (2011)

## PROPOSED INSTRUCTION NO. 2
### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

## <u>PROPOSED INSTRUCTION NO. 3</u>

**PRESUMPTION OF INNOCENCE –**

**BURDEN OF PROOF – REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any ''reasonable doubt'' concerning the defendant's guilt.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Criminal Pattern Jury Instructions 1.05 (2011)

## PROPOSED INSTRUCTION NO. 4

### Mail Fraud – Counts One and Two

The defendant is charged in counts one and two with a violation of Title 18, United States Code, Section 1341.  This law makes it a crime to use the mails in carrying out a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is, the defendant devised a scheme to defraud the United States and to enrich himself by obtaining or maintaining positions of federal employment for his customers for which they did not qualify, and the salary attendant to such positions;

Second: the defendant acted with specific intent to defraud or obtain money or property by false or fraudulent pretenses, representations or promises;

Third: the defendant caused another person to mail something through the United States Postal Service for the purpose of carrying out the scheme.

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

18 U.S.C. § 1341; Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011)

## PROPOSED INSTRUCTION NO. 5

### Elements of the Offense – Scheme to Defraud

A "scheme to defraud" and to "obtain money or property by means of false or fraudulent pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.  A "scheme to defraud" includes a scheme to deprive another of money or property.

The scheme to defraud does not need to be successful to be a violation of the mail fraud.

Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011) (citing *United States v. Stewart*, 872 F.2d 957, 960 (10th Cir. 1989))

## PROPOSED INSTRUCTION NO. 6

### Elements of the Offense – Intent to Defraud

An "intent to defraud" and "obtain money or property by means of false or fraudulent pretenses, representations, or promises" means an intent to deceive or cheat someone. A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or selectively omits or conceals a material fact, provided it is made with intent to defraud.

You may consider direct or circumstantial evidence of fraudulent intent and draw reasonable inferences therefrom. The defendant's intent to defraud may be inferred from evidence that the defendant attempted to conceal activity. Intent to defraud may also be inferred from the defendant's misrepresentations, knowledge of a false statement as well as whether the defendant profited or converted money to his own use. Further, evidence of the defendant's indifference to the truth of statements can amount to evidence of fraudulent intent.

---

Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011) (quoting *United States v. Prows*, 118 F.3d 686, 692 (10th Cir. 1997); *United States v. Trammell*, 133 F.3d 1343, 1352 (10th Cir. 1998))

## PROPOSED INSTRUCTION NO. 7

### Elements of the Offense – Use of the Mails

The third element of mail fraud—that the defendant caused another person to mail something through the United States Postal Service—is satisfied upon a showing that the use of the mails was a part of the execution or attempted execution of the fraud.

The use of the mails need not be essential to the scheme.  It is sufficient that the use of the mails be incident to an essential part of the scheme or a step in the plot.  Further, the defendant need only reasonably foresee the occurrence of mailings.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011) (citing *Schmuck v. United States*, 489 U.S. 705, 710–11 (1989); *United States v. Worley*, 751 F.2d 348, 350 (10th Cir. 1984))

## PROPOSED INSTRUCTION NO. 8

### Elements of the Offense – Materiality of False Statement

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To establish a violation of mail fraud, you do not need to find that the defendant made direct misrepresentations to the victim.

Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011) (citing *Neder v. United States*, 527 U.S. 1, 25 (1999))

## PROPOSED INSTRUCTION NO. 9

### Elements of the Offense – No Proof Necessary of Victim's Loss

To find the defendant guilty of mail fraud, it is not necessary to find that the victim suffered a monetary loss.

---

Tenth Circuit Criminal Pattern Jury Instruction 2.56 (2011) (citing *United States v. Deters*, 184 F.3d 1253, 1258 (10th Cir. 1999))

## PROPOSED INSTRUCTION NO. 10

### Witness Tampering – Counts Three and Five

The defendant is charged in counts three and five with a violation of Title 18, United States Code, Section 1512(b)(1).  This law makes it a crime for anyone knowingly to use or attempt to use corrupt persuasion with the intent to influence, delay, or prevent the testimony of any person in an official proceeding.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant used or attempted to use corrupt persuasion against the U.S. Department of Homeland Security and U.S. Customs and Border Protection;

Second: the defendant acted knowingly and with the intent to influence, delay, or prevent (1) the testimony of Undercover A with respect to an investigation being conducted by the U.S. Department of Homeland Security (Count 3) and (2) the testimony of Undercover B with respect to a pre-employment suitability determination and security background investigation conducted by U.S. Customs and Border Protection (Count 5), both official proceedings.

An act with the intent to influence the testimony of a person means to act for the purpose of getting the person to change, color, or shade his or her testimony in some way, but it is not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to bring about false or misleading testimony or to delay or prevent testimony with the hope or expectation of some benefit to oneself or another person.

The means of persuasion directed at a person does not have to succeed and cause the person to refrain from providing truthful and complete testimony.

---

Tenth Circuit Criminal Pattern Jury Instruction 2.65 (2011) (citing *United States v. Dunning*, 929 F.2d 579, 581 (10th Cir. 1991))

**PROPOSED INSTRUCTIONS NO. 11**

**Elements of Offense – Official Proceeding**

An official proceeding need not be pending or about to be instituted at the time of the offense.  It is not necessary that the person be under subpoena or a scheduled witness in an official proceeding.

An official proceeding includes a proceeding before a Federal Government agency which is authorized by law.

An internal investigation conducted by the U.S. Department of Homeland Security into the possible commission of a federal offense qualifies as an official proceeding.

A pre-employment suitability determination and security background investigation conducted by U.S. Customs and Border Protection qualifies as an official proceeding.

18 U.S.C. § 1515; Tenth Circuit Criminal Pattern Jury Instruction 2.65 (2011)

## PROPOSED INSTRUCTION NO. 12

### Witness Tampering – Count Four

The defendant is charged in count four with a violation of Title 18, United States Code, Section 1512(b)(3).  This law makes it a crime for anyone knowingly to use or attempt to use corrupt persuasion with the intent to hinder, delay, or prevent the communication to a law enforcement officer of information relating to the commission or possible commission of a Federal offense.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly corruptly persuaded Undercover A, or attempted to do so;

Second: the defendant acted with intent to hinder, delay or prevent Undercover A from communicating to law enforcement authorities information relating to the commission or possible commission of an offense;

Third: the offense was a federal offense.

Fourth: the defendant believed that Undercover A might communicate with federal authorities.

The government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.

The government is not required to prove that the defendant succeeded in the effort to tamper with the witness; the government need not prove that the witness changed or withheld his or her testimony.

To "corruptly persuade" means to corrupt another person by persuading him to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.

The alleged federal offense is conspiring to, or aiding and abetting, the smuggling of narcotics, in violation of Title 21, United States Code, Sections 841 and 846.

---

## PROPOSED INSTRUCTIONS NO. 13

### Evidence – Defined

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, to the extent that I did not let you hear the answers to some of the questions that the lawyers asked, or ruled that you could not see some of the exhibits that the lawyers wanted you to see, or ordered you to disregard things that you saw or heard, or struck things from the record, you must completely ignore all of those things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are no evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Criminal Pattern Jury Instructions 1.06 (2011) (modified)

## PROPOSED INSTRUCTION NO. 14

**Evidence – Direct and Circumstantial – Inferences**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## PROPOSED INSTRUCTION NO. 15

### Proof of Intent

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. You may infer the defendant's intent from the surrounding circumstances.  Intent may be and usually is proved by circumstantial evidence if it is proved at all. You may consider any statements made and any acts done or omitted by a defendant, and all other facts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw an inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  As I have said, it is entirely up to you to decide what facts to find from the evidence.

*United States v. Espinoza*, 244 F.3d 1234, 1241-42 (10th Cir. 2001)

## PROPOSED INSTRUCTION NO. 16
### Credibility of Witnesses

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case, including the defendant.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection— is not uncommon.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## PROPOSED INSTRUCTION NO. 17
### Caution – Consider Only Crimes Charged

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for any of the crimes charged. The fact that another person *also* may be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

Tenth Circuit Criminal Pattern Jury Instructions 1.19 (2011)

## PROPOSED INSTRUCTION NO. 18

**Caution – Punishment**

If you find the defendant guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your verdict.

## PROPOSED INSTRUCTION NO. 19

### On or About

You will note that the Indictment charges that the crimes were committed on or about certain dates.   The government must prove beyond a reasonable doubt that the defendant committed the alleged crimes reasonably near the dates charged.

## PROPOSED INSTRUCTION NO. 20

### Transcript of Recorded Conversation

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Criminal Pattern Jury Instructions 1.40 (2011)

## PROPOSED INSTRUCTION NO. 21

### Attempt

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

## PROPOSED INSTRUCTION NO. 22

### No Obligation To Use Certain Techniques

You have heard testimony as to the manner in which the government conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used.   In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or to use any particular method.   The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of a defendant's guilt.

*United States v. Johnson*, 479 Fed. Appx. 811, 816-17 (10th Cir. 2012) (identical instruction);
*United States v. Cota-Meza*, 367 F.3d 1218, 1222-23 (10th Cir. 2004) (similar instruction)

## <u>PROPOSED INSTRUCTION NO. 23</u>

**Government's Use of Undercover Operation and Investigative Techniques**

You have heard testimony that the government used an undercover agent to investigate the defendant.  In addition to utilizing undercover agents, government agents may use appropriate schemes and deception to ferret out criminal activities.  There is nothing improper or illegal with the government using these techniques.  Indeed, certain types of criminal conduct would be extremely difficult to detect without the use of these techniques.  Whether or not you approve of the use of undercover agents or techniques involving artifice and deception to detect unlawful activities is not to enter into your deliberations in any way.

As with all the evidence, the weight to be given this evidence is for you to decide.  If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the indictment, the circumstance that the government made use of techniques involving artifice and deception is irrelevant to your determination.

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. 5:14-cr-00318** |
| | ) | |
| **DOUGLAS G. WILLIAMS,** | ) | **HON. VICKI MILES-LaGRANGE** |
| | ) | |
| **Defendant.** | ) | |

## <u>VERDICT</u>

We, the jury, being duly sworn and upon our oaths, find the defendant, Douglas G.

Williams:

With respect to Count 1: Mail Fraud related to Operation Number 1

     Guilty_____             Not Guilty_____

With respect to Count 2: Mail Fraud related to Operation Number 2

     Guilty_____             Not Guilty_____

With respect to Count 3: Witness Tampering related to Undercover A

     Guilty_____             Not Guilty_____

With respect to Count 4: Witness Tampering related to Undercover A

     Guilty_____             Not Guilty_____

With respect to Count 5: Witness Tampering related to Undercover B

     Guilty_____             Not Guilty_____