## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| United States Of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-318-M |
| | ) | |
| Douglas G. Williams, | ) | Hon. Vicki Miles-LaGrange |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION SUBMITTING PROPOSED JURY INSTRUCTIONS

Comes now Defendant, Douglas G. Williams, by and through the undersigned attorneys, and respectfully requests that the following jury instructions, where not inconsistent with the evidence presented at trial, be given to the jury.

In Oklahoma City, Oklahoma, this 5th day of May, 2015.

/s/ Stephen H. Buzin
Stephen H. Buzin, OBA #1395
Chase A. O'Brien, OBA #31175
Attorneys for Douglas G. Williams
P.O. Box 609
Chickasha, OK 73023
Ofc. 405.222.5552
Fax. 405.222.5556

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Defendant's Motion Submitting Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the Plaintiff.

/s/ Stephen H. Buzin

1

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| United States Of America, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-318-M |
| | ) | |
| Douglas G. Williams, | ) | Hon. Vicki Miles-LaGrange |
| | ) | |
|     Defendants. | ) | |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

/s/ Stephen H. Buzin
Stephen H. Buzin, OBA #1395
Chase A. O'Brien, OBA #31175
Attorneys for Douglas G.
Williams
P.O. Box 609
Chickasha, OK 73023
Ofc. 405.222.5552
Fax. 405.222.5556

**INSTRUCTION INDEX**

<u>TITLE OF INSTRUCTION</u>                                          <u>INSTRUCTION NO.</u>

Introduction to Final Instructions.............................1

Duty to Follow Instructions....................................2

Presumption of Innocence - Burden of Proof - Reasonable Doubt...3

Evidence - Defined.............................................4

Evidence - Direct and Circumstantial - Inferences..............5

Credibility of Witnesses.......................................6

Non-Testifying Defendant.......................................7

Evidence of Good Character.....................................8

Evidence of Reputation for Honesty.............................9

Impeachment by Prior Inconsistencies..........................10

Expert Witness................................................11

On or About...................................................12

Caution - Consider Only Crime Charged.........................13

Caution - Punishment..........................................14

Duty to Deliberate - Verdict Form.............................15

Entrapment....................................................16

Attempt.......................................................17

Transcript of Recorded Conversation...........................18

Mail Fraud - 18 U.S.C. § 1341.................................19

Witness Tampering - 18 U.S.C. § 1512(b)(1)....................20

Witness Tampering - 18 U.S.C. § 1512(b)(3)....................21

**<u>DEFENDANT'S PROPOSED INSTRUCTION NO.1</u>**
**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.[1]

---

[1]*Tenth Circuit Pattern Instructions* (2011) §1.03.

4

### DEFENDANT'S PROPOSED INSTRUCTION NO. 2
### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.[2]

---

[2]*Tenth Circuit Pattern Instructions* (2011) §1.04.

5

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**
**PRESUMPTION OF INNOCENCE—BURDEN OF**
**PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove her innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find her guilty. If on the other hand, you think there is a real possibility that she is not guilty, you must give her the benefit of the doubt and find her not guilty.[3]

---

[3]*Tenth Circuit Pattern Instructions* (2011) §1.05.

<u>**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**</u>
**EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[4]

---

[4]*Tenth Circuit Pattern Instructions* (2011) §1.06.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5
### EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[5]

---

[5] *Tenth Circuit Pattern Instructions* (2011) §1.07.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting

9

testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection — like failure of recollection — is not uncommon.

The testimony of the defendant should be weighed and her credibility evaluated in the same way as that of any other witness.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.[6]

---

[6]*Tenth Circuit Pattern Instructions* (2011) §1.08.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7
### NON-TESTIFYING DEFENDANT

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.[7]

_____

[7] *Tenth Circuit Pattern Instructions* (2011) §1.08.1.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**
**EVIDENCE OF GOOD CHARACTER**

The defendant has offered evidence of his reputation for good character. The defendant has offered evidence of someone's opinion as to his good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[8]

---

[8]*Tenth Circuit Pattern Instructions* (2011) §1.09.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 9
## EVIDENCE OF REPUTATION FOR HONESTY

The defendant has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.[9]

---

[9]*Tenth Circuit Pattern Instructions* (2011) §1.09.1.

**<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 10</u>**
**IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.[10]

---

[10]*Tenth Circuit Pattern Instructions* (2011) §1.10.

14

## DEFENDANT'S PROPOSED INSTRUCTION NO. 11
### EXPERT WITNESS

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.[11]

---

[11]*Tenth Circuit Pattern Instructions* (2011) §1.17.

## <u>DEFENDANT'S PROPOSED INSTRUCTION NO. 12</u>
### ON OR ABOUT

You will note that the indictment charges that the crime was committed on or about [date]. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near [date].[12]

---

[12]*Tenth Circuit Pattern Instructions* (2011) §1.18.

16

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**
**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.[13]

---

[13] *Tenth Circuit Pattern Instructions* (2011) §1.19.

17

**<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 14</u>**
**CAUTION—PUNISHMENT**
**(Non—Capital Cases)**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.[14]

---

[14]*Tenth Circuit Pattern Instructions* (2011) §1.20.

18

### DEFENDANT'S PROPOSED INSTRUCTION NO. 15
### DUTY TO DELIBERATE—VERDICT FORM

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest

beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience. [Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.[15]

---

[15]*Tenth Circuit Pattern Instructions* (2011) §1.23.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 16
### ENTRAPMENT

As a defense to the crimes charged in the indictment, the defendant has asserted that he was entrapped.

The defendant was entrapped if

— the idea for committing the crime(s) originated with government agents, and

— the government agents then persuaded or talked the defendant into committing the crime(s), and

— the defendant was not already willing to commit the crime(s).

When a person has no previous intent or purpose to violate the law, but is induced or persuaded by officers or agents to commit a crime, he is entrapped and the law, as a matter of policy, forbids his conviction in such a case. On the other hand, when a person already has the readiness and willingness to violate the law, and the officers or agents merely provide him with an opportunity to commit the crime and do so even by disguise or ruse, there is no entrapment.

In order to return a verdict of guilty as to the defendant for the crimes of Mail Fraud (Counts 1 and 2) and Witness Tampering (Counts 3, 4 and 5), you must find beyond a reasonable doubt that the defendant was not entrapped.[16]

---

[16]*Tenth Circuit Pattern Instructions* (2011) §1.27.

21

## DEFENDANT'S PROPOSED INSTRUCTION NO. 17
### ATTEMPT

The defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.[17]

---

[17]*Tenth Circuit Pattern Instructions* (2011) §1.32.

**<u>DEFENDANT'S PROPOSED INSTRUCTION NO. 18</u>**
**CAUTIONARY INSTRUCTION DURING TRIAL**
**Transcript of Recorded Conversation**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.[18]

---

[18] *Tenth Circuit Pattern Instructions* (2011) §1.40.

<u>**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**</u>
**MAIL FRAUD**
**18 U.S.C. § 1341**

The defendant is charged in counts 1 and 2 with a violation of 18 U.S.C. section 1341.

This law makes it a crime to use the mails in carrying out a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant devised or intended to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, that is, the defendant devised a scheme to defraud the United States and to enrich himself by obtaining or maintaining the positions of federal employment for his customers for which they did not qualify, and the salary attendant to such positions;

Second: the defendant acted with specific intent to defraud or obtain money or property by false or fraudulent pretenses, representations or promises;

Third: the defendant caused another person to mail something through the United States Postal Service for the purpose of carrying out the scheme.

Fourth: the scheme employed false or fraudulent pretenses,

representations, or promises that were material.

A "scheme to defraud" or to "obtain money or property by means of false or fraudulent pretenses, representations or promises" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money, property, or of the intangible right of honest services.

An "intent to defraud" or to "obtain money or property by means of false or fraudulent pretenses, representations, or promises" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause"

the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails to be used.[19]

---

[19]*Tenth Circuit Pattern Instructions* (2011) §2.56.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 20**
**WITNESS TAMPERING**
**18 U.S.C. § 1512(b)(1)**

The defendant is charged in counts 3 and 5 with a violation of 18 U.S.C. section 1512(b)(1).

This law makes it a crime for anyone knowingly to use or attempt to use corrupt persuasion with the intent to influence, delay or prevent the testimony of any person in an official proceeding.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant used or attempted to use corrupt persuasion against the U.S. Department of Homeland Security and U.S. Customs and Border Protection;

Second: the defendant acted knowingly and with the intent to influence, delay or prevent (1) the testimony of Undercover A with respect to an investigation being conducted by the U.S. Department of Homeland Security (Count 3) and (2) the testimony of Undercover B with respect to a pre-employment suitability determination and security background investigation conducted by U.S. Customs and Border Protection (Count 5), both official proceedings.

An act "with the intent to influence the testimony" of a person means to act for the purpose of getting the person to change, color, or shade his or her testimony in some way, but it is

not necessary for the government to prove that the person's testimony was, in fact, changed in any way.

An act is done with "corrupt persuasion" if it is done voluntarily and intentionally to bring about false or misleading testimony or to delay or prevent testimony with the hope or expectation of some benefit to oneself or another person.[20]

---

[20]*Tenth Circuit Pattern Instructions* (2011) §2.65.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 21**
**WITNESS TAMPERING**
**18 U.S.C. § 1512(b)(3)**

Count 4 of the indictment charges the defendant with a violation of 18 U.S.C. §1512(b)(3), which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That the defendant knowingly corruptly persuaded Undercover A, or attempted to do so;

Second: That the defendant acted with intent to hinder, delay or prevent Undercover A from communicating to law enforcement authorities information relating to the commission or possible commission of an offense;

Third: That there was a reasonable likelihood that at least one of the communications targeted by the defendant would have been made to a federal officer; and

Fourth: The information that would have been communicated related to the possible commission of a federal offense.

But the government need not prove that the defendant knew that the information related to a federal offense or knew that the communications were reasonably likely to reach a federal officer.

Moreover, the government does not need to prove that an official proceeding was actually pending or about to be instituted

at the time of the alleged offense.

To "corruptly persuade" means to corrupt another person by persuading him to violate a legal duty, to accomplish an unlawful end or unlawful result, or to accomplish some otherwise lawful end or lawful result in an unlawful manner.[21]

---

[21] *Third Circuit Model Jury Instructions* (11/2013 revision) §6.18.1512B-1.

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

```
United States Of America,       )
                                )
      Plaintiff,                )
                                )
v.                              )    Case No. CR-14-318-MD
                                )
Douglas G. Williams,            )    Hon. Vicki Miles-LaGrange
                                )
      Defendants                )
```

## <u>VERDICT</u>

We, the jury, being duly sworn and upon our oaths find Defendant, Douglas G. Williams:

With respect to Count 1: Mail Fraud related to Operation Number 1

Guilty_____          Not Guilty_____

With respect to Count 2: Mail Fraud related to Operation Number 2

Guilty_____          Not Guilty_____

With respect to Court 3: Witness Tampering related to Undercover A

Guilty_____          Not Guilty_____

With respect to Court 4: Witness Tampering related to Undercover A

Guilty_____          Not Guilty_____

With respect to Court 5: Witness Tampering related to Undercover B

Guilty_____          Not Guilty_____