## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. 5:14-cr-00318** |
| | ) | |
| **DOUGLAS G. WILLIAMS,** | ) | **HON. VICKI MILES-LaGRANGE** |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES' OBJECTIONS TO
## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

**TO THE HONORABLE COURT:**

The United States submits the following objections to defendant's Proposed Jury Instructions (ECF No. 31).

**Objection No. 1**: The United States objects—in part—to defendant's proposed jury instruction number 19 – Mail Fraud (18 U.S.C. § 1341).

The United States contends that defendant's proposed jury instruction for mail fraud (Counts 1 and 2)—while tracking the pattern jury instruction—is missing the following essential explanations. This language comes from the "comment" section of Tenth Circuit Pattern Jury Instruction § 2.56 (mail fraud). Further, these explanations are supported by applicable Tenth Circuit case law. Accordingly, the following additions should be presented to the Jury:

1.     **Intent to Defraud**: "You may consider direct or circumstantial evidence of fraudulent intent and draw reasonable inferences therefrom. The defendant's intent to defraud may be inferred from evidence that the defendant attempted to conceal activity. Intent to defraud may also be inferred from the defendant's misrepresentations, knowledge of a false statement as well as whether the defendant profited or converted money to his own use. Further, evidence of

the defendant's indifference to the truth of statements can amount to evidence of fraudulent intent." *See* Government's Proposed Jury Instruction No. 6.

2. **Scheme to Defraud**: "The scheme to defraud does not need to be successful to be a violation of the mail fraud statute." *See* Government's Proposed Jury Instruction No. 5.

3. **No Proof Necessary of Victim's Loss**: "To find the defendant guilty of mail fraud, it is not necessary to find that the victim suffered a monetary loss." *See* Government's Proposed Jury Instruction No. 9.

Furthermore, defendant's proposed jury instruction for mail fraud defines a "scheme to defraud" as one that includes honest services. This language should be removed from the proposed jury instruction as it is not applicable to the instant matter.

**Objection No. 2**: The United States objects, in part, to defendant's proposed jury instruction number 20 – Witness Tampering (18 U.S.C. § 1512(b)(1)).

The United States contends that the proposed jury instruction for witness tampering (Counts 3 and 5)—while tracking the pattern jury instruction—is missing the following essential explanations. This language comes from the "comment" section of Tenth Circuit Pattern Jury Instruction § 2.65 (witness tampering), relevant Tenth Circuit case law, and the applicable federal statute. Accordingly, the following additions should be presented to the Jury:

1. **Means of Persuasion**: "The means of persuasion directed at a person does not have to succeed and cause the person to refrain from providing truthful and complete testimony." *See* Government's Proposed Jury Instruction No. 10.

2. **Official Proceeding**: "An official proceeding need not be pending or about to be instituted at the time of the offense. It is not necessary that the person be under subpoena or a

scheduled witness in an official proceeding.

An official proceeding includes a proceeding before a Federal Government agency which is authorized by law.

An internal investigation conducted by the U.S. Department of Homeland Security into the possible commission of a federal offense qualifies as an official proceeding.

A pre-employment suitability determination and security background investigation conducted by U.S. Customs and Border Protection qualifies as an official proceeding."

*See* Government's Proposed Jury Instruction No. 11.

**Objection No. 3**:   The United States objects, at this time, to defendant's proposed jury instruction number 16 – Entrapment.

The United States contends that the proposed jury instruction for entrapment is premature. As the Tenth Circuit has repeatedly held, a defendant is only entitled to a jury instruction on entrapment if he can show that the government's conduct was such that a reasonable jury could find that it created a substantial risk that an undisposed person or otherwise law-abiding person would commit the offense.   *United States v. Vincent*, 611 F.3d 1246, 1251 (10th Cir. 2010).

**WHEREFORE**, the United States respectfully requests that this Court take notice of the foregoing objections to defendant's proposed jury instructions (ECF No. 31).

In Oklahoma City, Oklahoma, this 7th day of May, 2015.

RAYMOND HULSER
Chief, Public Integrity Section

/s/ Brian K. Kidd
Brian K. Kidd
Heidi Boutros Gesch
Trial Attorneys
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave., NW
Washington, DC 20005

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this date, I electronically filed the foregoing United States' Objections to Defendant's Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record for the defendant.

<u>/s/ Brian K. Kidd</u>
Brian K. Kidd
Trial Attorney