**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

United States Of America,   )
                            )
    Plaintiff,          )
                            )
-vs-                        )   Case No. CR-14-318-M
                            )
Douglas G. Williams,        )
                            )
    Defendant.          )

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Comes now Defendant, Douglas G. Williams, by and through his undersigned counsel, Stephen H. Buzin, and hereby respectfully requests a downward departure and variance from the United States Sentencing Guidelines ("USSG"). That this request is based on the following mitigating factors, to-wit:

1. The Defendant has accepted full and complete responsibility for his actions and consideration of said acceptance of responsibility can be given great deference by the court in a downward departure in sentencing; *See* USSG 3E1.1.

2. A variance is warranted under 18 U.S.C. §3553. A review of the sentencing factors which the court is to consider pursuant to 18 U.S.C. §3553(a) suggests Defendant should not be sentenced to incarceration but rather, the Defendant should receive a substantially lesser sentence.

Defendant respectfully requests this Honorable Court impose a sentence ranging from probation with conditions to home confinement.

**PROCEDURAL BACKGROUND.**

Defendant was charged by Indictment on November 13, 2014, and on May 13, 2015, plead guilty to two counts of mail fraud in violation of 18 U.S.C. §1341 and three counts of witness tampering in violation of 18 U.S.C. §1512(b). That said criminal offenses arose out of a life driven by, at times, an over zealous desire to inform and educate the public of his concerns and opinions about the fallibility and pitfalls of the polygraph test.

On August 6, 2015, a Pre-Sentence Investigation Report ("PSR") was finalized and issued by U.S. Probation Officer Jennifer M. Garstka which calculated the total offense level of 17 and a criminal history category of I resulting in a sentencing guideline range of twenty-four to thirty months. Defendant submits a lesser sentence is authorized and would be appropriate for the court to consider as discussed below.

**PERSONAL HISTORY.**

Defendant, Douglas G. Williams, will turn seventy (70) years old on October 6, 2015. He has been married for twenty (20) years to his loving and supportive wife, Kathy Williams, and provides care for a young grandson who resides with the Defendant and his wife. He has two siblings, a sister and a brother, and tragically lost another brother who committed suicide due to post traumatic stress syndrome from his service in Vietnam. Mr. Williams served in the armed services, worked for the federal government, was a

sergeant with the Oklahoma City Police Department for eight (8) years and was a Methodist preacher in Buffalo, OK, for ten (10) years. In spite of his present circumstances, Defendant regularly attends church at Life Church in Moore, OK. He received an Honorable Discharge from the service and has no prior criminal history. Defendant currently suffers from chronic obstructive pulmonary disease (COPD), severe asthma, shortness of breath, severe anxiety, insomnia, panic attacks and chest pains. Medical records consistent with the above symptoms were provided to U.S. Probation Officer Jennifer M. Garstka. Financially, Mr. Williams has income from social security benefits but receives no other income from any other source.

### **A DOWNWARD DEPARTURE IS WARRANTED**.

As this court is well aware, when a departure is determined to be appropriate in sentencing, the extent thereof need only be reasonable under the circumstances. *United States v. Bellamy*, 264 F.3d 448, 454 n.3 (4th Cir. 2001), cert denied, 534 U.S. 1143 (2002). The Supreme Court in *Williams v. United States*, 503 U.S. 193, 203 (1992), gave the court wide ranging and flexible inquiry. Here, Defendant has demonstrated full and complete acceptance of responsibility for his actions by truthfully admitting the conduct comprising the offenses for his convictions. *See* USSG 3E1.1, Application Note 1(A). This acceptance has been duly recognized by U.S. Probation Officer Jennifer M. Garstka and can support a

downward departure. *See* USSG 3E1.1, Application Note 5. Defendant contends the conduct which led to his criminal activity was aberrant behavior and inconsistent with his upbringing and values. Defendant respectfully requests consideration of his acceptance of responsibility. Mr. Williams is not the individual portrayed by the government but is the person known and respected by those who have had regular contact with him and who tendered letters to the court including of particular note, attorney, Chris Eulberg.

### **A DOWNWARD VARIANCE IS WARRANTED**.

A downward variance is warranted in this case. Congress has instructed that a sentencing shall

> "...impose a sentence of the kind, and within the range, [required by the guidelines] unless the court finds there exists aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. §3553(b).

Under the circumstances of this case and a review of the entire background of this Defendant, a careful examination of mitigating circumstances would be appropriate under 18 U.S.C. §3553(b).

### **A VARIANCE IS WARRANTED UNDER 18 U.S.C. §3553**.

This Honorable Court has the authority to vary from the advisory guidelines to impose any reasonable sentence based upon a consideration of §3553 factors. *United States v Booker*, 543 U.S. 220 (2005); *Gall v United States*, 552 U.S. 38 (2007).

Defendant respectfully requests this Honorable Court consider imposing a sentence sufficient, but not greater than necessary, to comply with the purposes of §3553, including the following statutory factors, to-wit:

1. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant.</u>

Defendant has offered herein a complete composite of his personal history and characteristics. Until the time of his convictions, he had no criminal history. Spiritually, he has continued to attend his church and raise his grandson even though he is facing incarceration. The Defendant has worked all of his life including service to his country and community. At the present time, his advancing age and poor health have severely limited any gainful employment. Despite his tribulations, Defendant has been a pillar of emotional support for his wife, step-children and grandson. Letters reflecting the importance of the Defendant to his family have been presented to the court.

2. <u>The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford deterrence to criminal conduct; (C) to protect the public from further crimes of the Defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant recognizes and understands the seriousness of the offenses to which he has plead guilty. Nothing in this Memorandum is intended to de-emphasize the seriousness of the offenses to which Mr. Williams has plead guilty. He has spent a large portion

of his life and career promoting respect for the law. His reckless conduct resulting in his current situation is a continuing embarrassment and humiliation to not only himself but his family and friends. He is sincerely and greatly remorseful. It can safely be said there will not be a need to protect the public from any criminal conduct by this Defendant. A valuable lesson has been painfully learned.

Further, Mr. Williams has taken down the website polygraph.com and stopped the distribution of any materials, manuals and DVD's formerly offered and associated therewith. Defendant can and has been a law-abiding citizen. There is no need to provide him with correctional treatment. Additionally, community support can be a relevant factor in support of variance. *United States v. Cottingham*, 318 Fed. Appx. 159 (4th Cir. 2008). As can be gleaned from the various letters submitted to the court for consideration in sentencing, the Defendant is a valuable member of the community.

Finally, in the Victim Impact portion of her PSR, the U.S. Probation Officer found "there are no identifiable victims in these offenses." This statement directly conflicts with the arguments made by the United States in their Memorandum In Aid Of Sentencing regarding the safety and the security of the United States. Defendant suggests the government's arguments are speculative at best, unsubstantiated and made for the purpose of emotional prejudice. At no time was our country and its citizens in any type

of risk, serious or otherwise, from the acts of Defendant. There is no evidence to substantiate same. Their position is untenable.

    3. <u>The kinds of sentences available.</u>

    Defendant prays this Honorable Court consider other sentencing options than prison. Defense counsel is confident this Court can fashion a probationary-type sentence that would satisfy the requirements of 18 U.S.C. §3553. A variance in sentencing with Defendant being ordered to either probation or home confinement is more than adequate to reflect the seriousness of the crime, to promote respect for the law and to provide just punishment for the offenses.

    6. <u>The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.</u>

    Counsel for Defendant has been unable to find any cases with defendants with similar records who have been found guilty of similar conduct.

    7. <u>The need to provide restitution to any victims of the offense.</u>

    No restitution is called for by the PSR.

    Counsel would offer the following cases in which the Court found a downward departure appropriate. *United States v. Tomko* 562 F.3d 558 (3rd Cir 2009), wherein the Defendant pleaded guilty to tax evasion with a loss of $228,557.00, and after a variance was sentenced to home confinement and probation. In the case of *United States v. Simmons*, a 2005 case out of the District Court of South

Carolina, a defendant was convicted of stealing a yacht in violation of 18 U.S.C. § 2314 which was valued at $750,000.00. The defendant received a sentence of 5 years of probation.

Lastly, Defendant would draw specific attention to Part F. Factors That May Warrant A Sentence Outside Of The Advisory Guideline System of the PSR. That pursuant to 18 U.S.C. §3553(a), Ms. Garstka opined,

> **The Court may wish to consider imposing a downward variance in this case based on the nature and circumstance of the offense and the history and characteristics of the defendant.** The defendant is 69 years old and has no prior criminal history. The defendant is a U.S. Air Force veteran and a former Oklahoma City Police Department officer. As referenced
> in Part C, the defendant's health is in decline as Evidenced by his medical records and verification by the defendant's wife. The Defendant also suffers from insomnia and anxiety and requires daily prescription medications in order to manage his symptoms. Furthermore, the defendant and defense counsel have expressed concern regarding the defendant's safety should he be sentenced to a term of incarceration as the defendant claims to have received threats, which were posted on a public blog site, following his entrance of a plea of guilty in this case." **(Emphasis added).**

Defendant believes the matters contained in the above cited paragraph, as outlined by the U.S. Probation Officer, are consistent with the arguments offered in the body of this Memorandum In Support Of Sentencing and therefore warrant serious consideration in his sentencing.

**CONCLUSION**.

Wherefore, Defendant, Douglas G. Williams, upon the above foregoing arguments, authorities and letters in support, respectfully requests this Honorable Court impose a probationary-type sentence ranging from probation to home confinement with certain conditions which would give him the opportunity to correct his mistakes and such other and further relief to which he may be entitled to by law.

Respectfully submitted,

s/Stephen H. Buzin
Stephen H. Buzin
Okla. Bar Number 1395
Attorney for Douglas G. Williams
P.O. Box 609
Chickasha, Oklahoma 73023
Ofc. 405.222.5552
Fax. 405.222.5556
buzinlaw@swbell.net

Certificate Of Mailing

I hereby certify a true and correct copy of Defendant's Memorandum In Support Of Sentencing was sent by facsimile on the 21st day of September, 2015, to: 202.514.3003, Mark M. Angehr, United States Department Of Justice, and Brian K. Kidd, United States Department Of Justice, 1400 New York Ave., NW, Washington, D.C. 20005.

s/Stephen H. Buzin
Stephen H. Buzin