IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-14-318-M |
| | ) |
| DOUGLAS G. WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Modification of the Terms of Supervised Release, filed November 21, 2016. On February 10, 2017, the government filed its response, and on February 21, 2017, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

In November 2014, defendant was charged with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of witness tampering, in violation of 18 U.S.C. § 1512(b). Defendant pled guilty to all five counts on the second day of trial. On September 22, 2015, defendant was sentenced to twenty-four months of imprisonment, followed by three years of supervised release. One of defendant's conditions of supervised release requires that defendant refrain from participation "in any form of polygraph-related activity during the period of supervision." Judgment [docket no. 48] at 4. Defendant now moves this Court to modify this condition to only require that he not use the polygraph to engage in witness tampering or a scheme to defraud the government.

A court may order as a condition of supervised release that the defendant refrain "from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense". 18 U.S.C. § 3563(b)(5). *See also* 18 U.S.C. § 3583(d).

In order for a court to impose such a condition, said condition must (1) be reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B),(C), and (D); (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B),(C), and (D); and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).  *See* 18 U.S.C. § 3583(d).  Further, United States Sentencing Guidelines § 5F1.5 provides:

> (a) The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:
>
> > (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
> >
> > (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.
>
> (b) If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.

U.S.S.G. § 5F1.5.

Having carefully considered the parties' submissions, as well as the court file, the Court finds defendant's special condition of supervised release prohibiting defendant from participating in any form of polygraph-related activity during the period of supervision should not be modified. Specifically, the Court finds there is a direct relationship between defendant's profession as a polygrapher and his scheme to defraud the United States and tamper with witnesses.  Defendant

relied on his expertise and experience as a polygraph examiner to attract clients seeking his help to obtain or maintain federal employment, highlighting on his website that he has 35 years of experience in the field and has personally administered thousands of polygraph examinations, and relied on his knowledge of polygraph instruments and techniques to give his clients the confidence to lie to polygraph examiners when truthful answers would disqualify them from federal employment.

Further, the Court finds imposition of this condition of supervised release is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. Defendant clearly intends to continue to teach methods to produce a "truthful" chart tracing on the polygraph instrument. Methods to guarantee a truthful result on a polygraph would undoubtedly be of interest to anyone seeking to lie about or conceal information from federal investigators. Additionally, upon review of the court file, the Court finds defendant seems unconcerned that his future customers might use his training and techniques to lie to federal officials about disqualifying information in order to obtain or maintain employment in sensitive national security positions.

Finally, the Court finds that this condition restricting polygraph-related activities for the full term of supervised release is the minimum restriction necessary to protect the public. Based upon the undercover investigation in this case, the Court finds defendant disregarded public safety by helping individuals who he understood to be dangerous lie in order to obtain and maintain sensitive government positions protecting the United States' borders. Given defendant's prior clear disregard for public safety and national security, the Court finds there are no less restrictive

alternatives that would adequately prevent him from helping individuals lie in order to obtain or keep sensitive government positions.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Modification of the Terms of Supervised Release [docket no. 51].

**IT IS SO ORDERED this 29th day of January, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE