FILED
United States Court of Appeals
Tenth Circuit

December 10, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

DOUGLAS G. WILLIAMS,

   Defendant - Appellant.

No. 18-6018
(D.C. No. 5:14-CR-00318-M-1)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **HOLMES**, **O'BRIEN**, and **CARSON**, Circuit Judges.

---

Defendant-Appellant Douglas G. Williams pleaded guilty mid-trial to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of witness tampering, in violation of 15 U.S.C. § 1512(b), "arising from his efforts to help two undercover agents posing as customers lie to federal investigators about criminal activity without being detected by polygraph tests." R. at 58.  The district court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced Mr. Williams to twenty-four months in prison followed by three years of supervised release.

As a condition of supervised release, the district court prohibited Mr. Williams from "participat[ing] in any form of polygraph-related activity during the period of supervision." *Id*. at 81. While he was serving his prison sentence, Mr. Williams filed a pro se motion to modify the terms of his supervised release to change this condition. The district court denied the motion, and Mr. Williams filed this pro se appeal. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Background

An "Agreed Summary of the Indictment" was attached to Mr. Williams' plea agreement. *See* R. at 55, 58. A portion of that summary is reflected below, which gives a brief background of the events that led to Mr. Williams' conviction:

> Defendant, a former law enforcement officer, owned an Internet-based business called Polygraph.com, through which he offered services to help people pass polygraph examinations, including private in-person training. Defendant is charged with knowingly teaching undercover agents (in-person) to pass polygraph tests while lying about past criminal conduct—thereby helping them to get or keep federal jobs with the Department of Homeland Security.

*Id*. at 58.

The summary also included the specific counts charged. In counts one and two, the government charged Mr. Williams with "knowingly devis[ing] and intend[ing] to devise a scheme and artifice to defraud the Federal government, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises." *Id*. at 58-59. For count three, the

government charged him with "knowingly and corruptly persuad[ing] and attempt[ing] to persuade Undercover A to conceal material facts and make false statements with the intent to influence, delay, and prevent the testimony of Undercover A in an official proceeding, namely an investigation being conducted by the U.S. Department of Homeland Security into Undercover A's criminal conduct." *Id*. at 59. For count four, the government charged him with "knowingly and corruptly persuad[ing] and attempt[ing] to persuade Undercover A to conceal material facts and make false statements with the intent to hinder, delay, and prevent the communication to special agents of the U.S. Department of Homeland Security of information relating to the possible commission of a Federal offense." *Id*. For count five, the government charged him with "knowingly and corruptly persuad[ing] and attempt[ing] to persuade Undercover B to conceal material facts and make false statements with the intent to influence, delay, and prevent the testimony of Undercover B in an official proceeding, that is, a pre-employment suitability determination and security background investigation conducted by U.S. Customs and Border Protection." *Id*.

On the second day of trial, Mr. Williams pleaded guilty to all five counts charged in the Indictment. He stated in his plea agreement that he committed the acts set forth in the "Agreed Summary of the Indictment." *Id*. at 55.

II. Standard of Review

We review for abuse of discretion the district court's decision to deny a defendant's motion to modify the conditions of supervised release. *See United States*

*v. Pugliese*, 960 F.2d 913, 915 (10th Cir. 1992);[1] *see also United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011) (reviewing decision granting government's motion to modify conditions of supervised release for abuse of discretion). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009) (internal quotation marks omitted).

III. Discussion

A court has discretion to impose as a condition of supervised release that the defendant refrain "from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense[.]"

---

[1] Relying on an unpublished decision, the government asserts that we should review for plain error because Mr. Williams failed to object to the condition at sentencing. Aplee. Br. at 9. If this was a *direct appeal* of a sentence, we would review for plain error a challenge to a condition of supervised release if the defendant failed to object to the condition at sentencing. *See United States v. Mike*, 632 F.3d 686, 691 (10th Cir. 2011). We are not, however, reviewing a direct appeal of a sentence; we are reviewing an appeal from the denial of a motion to modify a condition of supervised release.

The district court has authority to modify a condition of supervised release through 18 U.S.C. § 3583(e)(2), which is a distinct post-conviction proceeding and "create[s] a right of appeal that is separate from a defendant's right to appeal his original sentence." *United States v. Lonjose*, 663 F.3d 1292, 1300 (10th Cir. 2011). A motion to modify is not subject to the time limits for filing an appeal from the original sentence; instead, a district court may consider a motion to modify a condition of supervised release "at any time prior to the expiration or termination of the term of supervised release." § 3583(e)(2). We have further held that "§ 3583(e)(2) does not require a district court to find changed circumstances in order to modify conditions of supervised release." *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011). Accordingly, there is no basis for a forfeiture related to the original sentencing to trigger plain-error review in an appeal from the separate and distinct proceeding § 3583(e)(2) authorizes.

18 U.S.C. § 3563(b)(5). Conditions of release that impose occupational restrictions are subject to "special scrutiny" and must comply with the requirements set forth in U.S. Sentencing Guidelines Manual § 5F1.5 (U.S. Sentencing Comm'n 2016). *United States v. Butler*, 694 F.3d 1177, 1184 (10th Cir. 2012). The parties agree that the condition restricting Mr. Williams from participating in polygraph-related activity is an occupational restriction. We have explained:

> To impose an occupational restriction under § 5F1.5, the District Court must determine that:
>
> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
>
> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.
>
> U.S.S.G. § 5F1.5(a)(1)-(2). The Guidelines further state that when a limitation is placed on a defendant's engagement in an occupation, "the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public." U.S.S.G. § 5F1.5(b). Thus, an occupational restriction . . . may only be imposed if the district court finds that all three of these criteria are met.

*United States v. Souser*, 405 F.3d 1162, 1166 (10th Cir. 2005).

In his motion to modify the terms of his supervised release, Mr. Williams argued that the district court did not engage in the necessary fact finding to support the condition prohibiting him from participating in any polygraph-related activity during his term of supervised release. Mr. Williams' argument may have been correct when the condition was initially imposed as the district court's written judgment does not appear to contain any findings to support the restriction on

5

polygraph-related activity. *See* R. at 81. Mr. Williams, however, did not appeal the judgment. Instead, more than one year later, Mr. Williams sought relief in the form of a motion to modify his conditions of release. In ruling upon that motion, the district court made specific findings supporting the restriction it imposed on Mr. Williams' polygraph-related activity.[2]

In its order, the district court first found that

> there is a direct relationship between defendant's profession as a polygrapher and his scheme to defraud the United States and tamper with witnesses. Defendant relied on his expertise and experience as a polygraph examiner to attract clients seeking his help to obtain or maintain federal employment, highlighting on his website that he has 35 years of experience in the field and has personally administered thousands of polygraph examinations, and relied on his knowledge of polygraph instruments and techniques to give his clients the confidence to lie to polygraph examiners when truthful answers would disqualify them from federal employment.

R. at 104-05.

The district court further found that "imposition of this condition of supervised release is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." *Id*. at 105. The district court observed that "[d]efendant clearly intends to continue to teach methods to produce a 'truthful' chart tracing on the polygraph instrument. Methods to guarantee a truthful

---

[2] If Mr. Williams had raised this issue on direct appeal and survived plain-error review, the remedy would have been to remand to the district court to make the necessary findings. *See*, *e.g.*, *United States v. Dunn*, 777 F.3d 1171, 1176-79 (10th Cir. 2015); *Butler*, 694 F.3d at 1184-85; *United States v. Mike*, 632 F.3d 686, 698 (10th Cir. 2011). Remand is unnecessary here because the district court did make the necessary findings in ruling on the motion at issue in this appeal.

result on a polygraph would undoubtedly be of interest to anyone seeking to lie about or conceal information from federal investigators." *Id*. And the district court also found—after reviewing the "court file"—that Mr. Williams "seems unconcerned that his future customers might use his training and techniques to lie to federal officials about disqualifying information in order to obtain or maintain employment in sensitive national security positions." *Id*. The district court concluded by finding, "[g]iven defendant's prior clear disregard for public safety and national security, the Court finds there are no less restrictive alternatives that would adequately prevent him from helping individuals lie in order to obtain or keep sensitive government positions." *Id*. at 105-06.

On appeal, Mr. Williams contends that "there is no reason to believe [he] will 'continue to engage in unlawful conduct,'" Aplt. Br. at 6; "the District Court Judge did not engage in the necessary fact-finding to justify an overly broad condition that [he] could not '. . . participate in any form of polygraph related activity during the period of supervision,'" *id*. at 7; and "[t]here are no facts in this case that [his] past conduct or future conduct would constitute a threat to public safety or national security," *id*. at 8. We are not persuaded by these contentions given the district court's express findings which properly considered the requirements in USSG § 5F1.5, and provided ample support for the denial of the requested modification to the special condition prohibiting polygraph-related activity.

Mr. Williams further argues that the district court's imposition of the special condition is inconsistent with Tenth Circuit law, relying primarily on this court's decision in *Butler*. Although we did vacate the district court's imposition of an

7

occupational restriction in *Butler*, we did so because the district court failed to make the necessary findings to support the restriction. *See* 694 F.3d at 1185. Here, the district court expressly found its occupational restriction was the minimum restrictive means necessary to protect the public and, in doing so, recited record evidence and analysis in support of its decision. Accordingly, *Butler* is inapposite and does not support the relief defendant requests.[3]

We see no abuse of discretion in the district court's decision to deny the request to modify the polygraph-related condition. The district court made the express findings required by our precedent that the occupational restriction directly relates to the conduct underlying defendant's crime, it is necessary to protect the public, and it is the least restrictive means to protect the public.

AFFIRMED.

Judge O'Brien concurs in the result.

                                        Entered for the Court

                                        Joel M. Carson III
                                        Circuit Judge

---

[3] Mr. Williams also offers a string cite of cases where this court "has set aside special conditions of supervised release repeatedly in recent years." Aplt. Br. at 9. However, none of these cases suggest the district court abused its discretion here in light of the district court's reliance on the record and its express findings.

8

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

December 10, 2018

Chris Wolpert
Chief Deputy Clerk

Mr. Douglas G. Williams
4113 Bentbrook Place
Norman, OK 73072

**RE:** 18-6018, United States v. Williams
Dist/Ag docket: 5:14-CR-00318-M-1

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: Jessica Harvey

EAS/dd