**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 5:14-cr-00318 |
| ) | |
| DOUGLAS G. WILLIAMS, ) | HON. ROBIN J. CAUTHRON |
| ) | |
| Defendant. ) | |
| _____ ) | |

**NOTICE OF GOVERNMENT'S OBJECTION TO DEFENDANT TESTIFYING
AS A POLYGRAPH EXPERT WHILE ON SUPERVISED RELEASE**

The United States, by and through undersigned counsel, submits the instant notice of its objection to defendant Douglas G. Williams testifying as a polygraph expert in a state criminal trial as such testimony would violate defendant's conditions of supervised release, which are necessary and appropriate to protect the public. In support of its position, the Government states the following:

1. In November 2014, defendant was charged with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of witness tampering, in violation of 18 U.S.C. § 1512(b). The charges arose from two undercover operations in which defendant provided polygraph training to individuals who represented to defendant that they were law enforcement officers who had committed serious crimes and intended to lie about those crimes during federally-administered polygraph examinations. One undercover agent ("UC"), who represented himself as a Customs and Border Protection ("CBP") Inspector under criminal investigation, told defendant that he had knowingly allowed drugs to be smuggled into the U.S. on four separate occasions in exchange for money. The other UC

1

posed as a deputy sheriff applying for a position as a Border Patrol Agent who had engaged in a sexual act with a fourteen-year-old girl who was in his custody and had smuggled drugs into a local jail while employed as a correctional officer. Knowing of the UCs' intent to lie to federal investigators in order to get or keep federal law enforcement positions, defendant willingly trained them how to provide false responses to polygraphers' questions and still pass.[1]

2. Defendant pleaded guilty to all five counts in the Indictment on the second day of trial, and on September 22, 2015, he was sentenced to 24 months of imprisonment followed by three years of supervised release. One of the conditions of supervised release requires that defendant refrain from participation "in any form of polygraph-related activity during the period of supervision." Dkt. No. 48 at 4.

3. On November 21, 2016, Defendant moved to remove the restriction on engaging in polygraph-related activity while on supervised release. *See* Dkt. No. 51. On January 29, 2018, the Court denied defendant's motion. *See* Dkt. No. 56.

4. On January 1, 2018, Defendant filed notice of appeal, and on March 23, 2018, Defendant submitted his opening brief requesting that the United States Court of Appeals for the Tenth Circuit reverse the Court's denial of his motion to remove the restriction on engaging in polygraph-related activity. On December 10, 2018, the appellate court affirmed the district court's ruling, noting that the district court "provided ample support for the denial of the

---

[1] The government also presented evidence of defendant's promise to assist a woman (who was not an undercover or otherwise acting at the government's behest) seeking employment as a police officer who told defendant she planned to lie in her polygraph examination to conceal past conduct.

requested modification to the special condition prohibiting polygraph-related activity."
*See* Tenth Cir. USCA Case No. 18-6018, Order and Judgment, dated December 10, 2018.

5. For the reasons stated in the United States' Opposition to Defendant's Motion for Modification of the Terms of Supervised Release, Dkt. No. 53, incorporated herein by reference, the Government submits that the restriction on defendant's participation in polygraph remains a necessary and appropriate occupational restriction.

6. Because testifying about the polygraph in a state criminal case is a clear violation of the terms of supervised release, which the District Court imposed at sentencing and declined to modify, and which the Court of Appeals affirmed, the Government objects to defendant testifying about the polygraph.

Date: February 13, 2019

Respectfully submitted,

ANNALOU TIROL
Acting Chief, Public Integrity Section

By:   /s/ Heidi Boutros Gesch
Heidi Boutros Gesch
Trial Attorney
U.S. Department of Justice
Criminal Division, Public Integrity Section
1400 New York Ave., NW
Washington, DC 20005
(202) 514-1412

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing Notice of Government's Objection to Defendant Testifying as a Polygraph Expert While on Supervised Release with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Heidi Boutros Gesch
Heidi Boutros Gesch
Trial Attorney
