# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,
                Plaintiff,

vs.                              No. CR-14-318-C

DOUGLAS G. WILLIAMS,
                Defendant.

FILED JUL 09 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## MOTION TO COMMUTE THE THIRD AND FINAL YEAR OF DEFENDANT DOUGLAS G. WILLIAMS' SUPERVISED RELEASE

The Defendant, Douglas G Williams, respectfully moves that the court grant an order to commute the third and final year of his supervised release and in support thereof says the following:

1. Mr. Williams' record is perfect and he has been a model inmate/probationer.

While in prison, Mr. Williams was informed by a visiting federal probation officer that it was not uncommon for the court to terminate supervised release early if the following conditions exist:
At least one year of supervised release has been served with no problems.
All fines and/or forfeitures have been paid.

Prior to being indicted, Mr. Williams had a perfect arrest-free record with only one speeding ticket in 69 years. While in the US Air Force, Mr. Williams worked in the White House Situation Room and held the highest security clearance possible in a position of the highest trust. After his honorable discharge, Mr. Williams served as a police officer with the Oklahoma City Police Department for 10 years and was awarded numerous letters of commendation with not one letter of reprimand or so much as a single blemish on his record.

As a probationer, Mr. Williams meets all the requirements listed to be eligible for a termination of supervised release. Mr. Williams paid all of the court ordered forfeitures prior to entering

prison. There are no other fines and no restitution is due anyone. Mr. Williams' record during his time of incarceration at Florence, FPC was spotless. He was a model prisoner and performed every task asked of him in an exemplary manner. Mr. Williams was never disciplined in any way and received no "shots". He was, in fact, given many positive evaluations from corrections officers and others in authority over him. Even his case manager, Ms. Klein, described Mr. Williams as being "a breath of fresh air". On July 26, 2019, Mr. Williams will have completed two full years of supervised release with no problems whatsoever.

2. Mr. Williams is very unlikely to ever commit the crimes he was convicted of again.

Mr. Williams' crime was manufactured by government polygraph examiners in order to entrap, punish and silence him. It is very unlikely that the same set of circumstances as the ones that were manufactured to entrap Mr. Williams will ever exist again. Even if the government were to once again attempt such a thing, Mr. Williams would not be naive enough to fall for it.

3. Mr. Williams poses no threat to public safety whatsoever.

In fact, the only threat that Mr. Williams has ever posed to anyone is the threat posed to the government polygraph examiners who are fearful that their multi-billion dollar scam will be exposed as a fraud. Even Mr. Williams' pre-sentence report stated that "there are no victims of this crime" - so how could the public safety possibly be threatened by a crime which has no victims?

Douglas G. Williams
Pro Se

Certificate of Service
I mailed a copy of this Motion to:
U.S. ATTORNEY'S OFFICE
200 NORTHWEST FOURTH STREET
OKLAHOMA CITY, OK 73102